IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40253
Conference Calendar
_____

AMEN-RA, also known as Johnnie Tasby,

Plaintiff-Appellant,

versus

MELVYN CARSON BRUDER,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:97-CV-173
- - - - - - - - - -

April 16, 1999

Before JONES, SMITH, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

    Akili S. Amen-Ra, formerly known as Johnnie Tasby, Texas
state prisoner #332509, appeals the dismissal of his in forma
pauperis (IFP), pro se 42 U.S.C. § 1983 complaint as frivolous.
He alleged that Melvyn Carson Bruder, his former state habeas
counsel, denied him access to the courts by fraudulently
obtaining transcripts from his 1988 federal habeas hearing and
his 1990 state habeas hearing.  Amen-Ra averred that Bruder was
acting in concert with state actors.

_____

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

We have reviewed the record and Amen-Ra's brief on appeal and find that the district court did not abuse its discretion in dismissing the complaint as frivolous. Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). Amen-Ra's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5th Cir. R. 42.2.

The "three strikes provision" of 28 U.S.C. § 1915(g) "prohibits a prisoner from proceeding IFP if he has had three actions or appeals dismissed for frivolousness, maliciousness, or failure to state a claim." Carson v. Johnson, 112 F.3d 818, 819 (5th Cir. 1997) (citing Adepegba v. Hammons, 103 F.3d 383, 385 (5th Cir. 1996)). Under the PLRA, a prisoner may not

> bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g). A dismissal as frivolous of a complaint underlying an appeal is not counted, for purposes of § 1915(g), against a prisoner-litigant until the appellate process has been exhausted or waived. See Adepegba, 103 F.3d at 387. The dismissal in the district court as frivolous and the subsequent dismissal of that appeal as frivolous count as two "strikes." Id.

The dismissal as frivolous of Amen-Ra's § 1983 action in Tasby v. Ipson, No. 5:89-CV-92 (E.D. Tex. Oct. 11, 1989), count as one strike. The dismissal of the instant complaint in the

district court and the dismissal of this appeal as frivolous count as Amen-Ra's second and third strikes under the PLRA. Therefore, Amen-Ra may not proceed IFP in the district court or in this court on any civil actions while he remains in prison unless he is in imminent danger of serious physical injury. § 1915(g); Adepegba, 103 F.3d at 388.

APPEAL DISMISSED; § 1915(g) SANCTION IMPOSED.